EDWARDS, Circuit Judge,
dissenting.
Appellant in this instance had worked 42 years in the mines before 1970 when he left the job because of a back injury. He is now 67 years old. He is receiving Social Security disability benefits based on a back injury. Nonetheless, the black lung statute does not exclude benefits for one who is receiving other types of assistance.
In this case there was sufficient evidence at the hearing to convince the Administrative Law Judge that he had pneumoconiosis and was entitled to black lung benefits. There was testimony that he had begun to have breathing problems before the back injury which occasioned his leaving the job. Three doctors who examined him and read X-rays diagnosed second stage silicosis; a fourth found chronic bronchitis. Four doctors conducted pulmonary function studies. Two found that his breathing capacity was impaired under HEW regulations. Two found it was not. The two who found impairment conducted their examinations later than the two who found no impairment. After the Administrative Law Judge found total disability and awarded benefits, the Appeals Council asked its own consultant, described to us as a Board certified X-ray reader, to review the X-rays *361 relied upon by the three doctors below. Reporting on the same X-rays, this reader found that two showed no pneumoconiosis and held that the third X-ray was not readable.
Appellant contends that he is entitled to an irrebuttable presumption because there was evidence presented by him in this record that he had complicated pneumoconio-sis. He argues that that fact alone, disregarding all other evidence to the contrary, requires the application of the irrebuttable presumption and, hence, the award of benefits. (See 30 U.S.C. § 921(c)(3) (Supp. V 1975).
I find no need to pass on the question of whether the statute should be given this reading (although as it is written, it is amenable to appellant’s construction). On the facts in this record and this court’s holding in Ansel v. Weinberger, 529 F.2d 304 (6th Cir. 1976), appellant is entitled to a rebuttable presumption, based on 15 years of work in the coal mines (appellant had 42), that he had pneumoconiosis and that he was totally disabled thereby. See 30 U.S.C. § 921(c)(4) (Supp. V1975).
In the Ansel case we held:
The court further concludes that there is no substantial basis for the finding that Claude Ansel did not establish that he was totally disabled within the definition of the Black Lung Act. His treating physician stated unequivocally that Ansel was totally disabled for work in a coal mine. No other medical witness contradicted this statement, and the lay testimony supported Dr. Bope’s opinion. The witness Otto White testified that he began working in the mines with Claude Ansel in 1933 and that Ansel was one of the best workers. Mr. White had continued to see Ansel “a couple of times a month” after they left the mine. He testified that even while walking downhill it was necessary for Mr. Ansel to stop and rest after 50 feet or so, and that his condition had gotten “a lot worse” in the last five years. The administrative law judge received this testimony as competent “other evidence” and considered it along with the medical evidence and the testimony of Mr. and Mrs. Ansel. He did not construe amended 30 U.S.C. § 923(b) as permitting lay testimony of persons other than the miner’s wife only in cases where the miner is deceased. This is a reasonable construction. Since disability of a living miner may not be established by the wife’s testimony alone under Section 921(c)(4), other lay evidence must have been contemplated.
There is no evidence in the record from which it could be concluded that at the time of his hearing Claude Ansel could engage “ . . . in gainful employment requiring the skills and abilities comparable to those of any employment in a mine or mines in which he previously engaged with some regularity and over a substantial period of time.” 30 U.S.C. § 902(f). Though fluoroscopy disclosed an early stage of silicosis, a condition included within the definition of pneumo-coniosis in 20 C.F.R. § 410.110(o), the applicant’s chest X-rays were interpreted as negative with respect to the requirements of 30 U.S.C. § 921(c)(3) for an irrebuttable presumption of pneumoconi-osis. Thus he relied on the rebuttable presumption of Section 921(c)(4). Giving primary consideration to the medical evidence and considering the lay testimony concerning the limitations on Mr. Ansel’s physical activities, all in light of Ansel’s age, education and work experience, we hold that this record “demonstrates the existence of a totally disabling respiratory or pulmonary impairment. . . . ” Section 921(c)(4). Since the Act provides that when these conditions are met “there shall be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis ...” Id., the contrary finding of the administrative law judge affirmed by the district court was clearly erroneous unless the Secretary may be held to have rebutted the presumption.
The Secretary contends that the presumption was rebutted by evidence which established that Claude Ansel did not have pneumoconiosis. He relies on the *362 negative findings of three radiologists who examined X-rays and the pulmonary studies. It is obvious that the negative X-rays may not be relied upon to rebut the presumption of Section 921(c)(4). If he had been able to produce a positive X-ray, there would have been no need to invoke the presumption. The very existence of a negative X-ray is a prerequisite to reliance upon the presumption of pneu-moconiosis as established by other evidence. Furthermore, under the 1972 amendment, negative X-ray evidence may not be the sole basis for a denial of benefits. 30 U.S.C. § 923(b). Nor do we believe the presumption of Section 921(c)(4) can be rebutted by showing that pneumoconiosis was not established by pulmonary function studies. The regulation which establishes the levels required for a finding of disabling pneumoconiosis on the basis of a ventilatory study does not purport to provide proof of the nonexistence of pneumoconiosis. Once Claude Ansel produced evidence which entitled him to the presumption of Section 921(c)(4), that presumption could be rebutted only by establishing that he did not have pneumoconiosis, there being no contention that his impairment did not arise out of employment in the mines. In view of the unequivocal testimony of Dr. Bope, it appears that the Secretary would have been required at least to produce a medical opinion that Mr. Ansel did not have pneumoconiosis in order to rebut the presumption. No such testimony appears in this record. See Whitson v. Finch, 437 F.2d 728, 732 (6th Cir. 1971).
Ansel v. Weinberger, supra at 309-10.
What was said in Ansel is dispositive of this case and requires our reversal of the District Court and remand for award of benefits. I would vacate the judgment and remand to the District Court for remand to the Secretary to award benefits.